IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY ANN SCHOENHOFER;
AUTUMN L. JOHNSON; and
RALPH ROGERSON,

                    Plaintiffs,

v.                                            Case No. 6:16-cv-01023-JTM

JACKIE McCLASKEY, in her official
capacity as Secretary of the Department of
Agriculture of the State of Kansas,

                    Defendant.


## MEMORANDUM AND ORDER

Plaintiffs seek to prohibit enforcement of a Kansas regulation that requires the use of a particular method of termite treatment in preconstruction applications. They claim that the regulation is preempted by the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136, and by the Sherman Act, 15 U.S.C. § 1. Dkt. 1 at 2.[1]  The matter is now before the court on the defendant's motion to dismiss, which argues that plaintiffs Shoenhofer and Johnson lack standing to bring the claim, and that the complaint otherwise fails to state a valid claim for relief. The court concludes for the reasons set forth herein that the motion should be granted.

---

[1] A prior action making similar claims was dismissed by this court for lack of subject matter jurisdiction. *See Wright v. McClaskey*, 2015 WL 5199217 (D. Kan., Sept. 4, 2015). The court concluded that *Younger* abstention was appropriate because of an ongoing state administrative proceeding.

**I. Summary of Complaint.**

Plaintiff Schoenhofer is a citizen of Kansas "who has contracted for preconstruction termite treatment on her real estate, but cannot avail herself of more economical alternatives." Dkt. 1 at ¶3. She has allegedly suffered an adverse economic impact because of the challenged Kansas regulation.

Plaintiff Johnson is a citizen of Kansas "who is the mother and natural guardian of students at West High School in Wichita, which was the subject of agency action." *Id.* at ¶4. She alleges that her taxes "are being used to pay for unneeded and environmentally harmful treatments in schools and other public buildings," and that her children "have been needlessly exposed to additional pesticide burdens and therefore a greater health risk…." ¶12.

Plaintiff Rogerson is a citizen of Kansas who is a licensed pest control applicator. He has allegedly suffered adverse economic effects because he "would like to offer discount services for pretreatment facilities, but is prohibited from doing so by agency action." ¶5.

Plaintiffs contend pesticide applicators have developed a program for preconstruction termite treatment which complies with FIFRA and which is more economical than the treatment required by the Kansas regulation. They note that K.A.R. 4-13-26, a regulation issued by the Kansas Department of Agriculture, requires that "[i]n addition to the requirements of the label, each preconstruction application of pesticide for the control of termites shall consist of establishing both horizontal and vertical chemical barriers…." It requires horizontal barriers in all areas that will be

2

covered, and vertical barriers around such items as foundations, support piers, and other "critical areas where structural components extend below grade." K.A.R. § 4-13-26.

Plaintiffs contend the Kansas regulation unnecessarily increases costs by requiring treatment even for termite-proof facilities and around concrete, iron, and glass structures.  Dkt. 1 at 6-7. They allege that the regulation "contradict[s] the usage requirements approved by the EPA on the product label." *Id.* at 7. Further, plaintiffs allege the regulation "has imposed additional requirements" that "have not been blessed by the EPA, as required by 7 U.S.C. § 136v." *Id.* at 10.  Plaintiffs additionally allege that the Kansas Department of Agriculture "implemented its regulation without conducting the required environmental and economic studies." *Id.* at 11.

Finally, plaintiffs have alleged that the Kansas Department of Agriculture implemented the regulation in order to "level the playing field so that everyone performed a pre-construction treatment the same way," and that making "all competitors perform a complete service is a per se violation of the Sherman antitrust act" because "it is retail price maintenance." Dkt. 1 at 10-11. In response to the motion to dismiss, however, plaintiffs concede the regulation does not amount to a per se violation. Instead, they argue it is a violation under the "rule of reason" stated in *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007). Dkt. 12 at 8.

Plaintiffs seek a declaration that K.A.R. 4-13-26 is invalid because it is preempted by FIFRA and the Sherman Act, and they seek an injunction prohibiting the defendant from enforcing the regulation to the extent it is preempted. Dkt. 1 at 12.

3

**II. Motion to Dismiss.**

Defendant first challenges the standing of plaintiffs Schoenhofer and Johnson to bring the claim. Defendant contends Schoenhofer lacks standing because she asserts no concrete injury distinct from any member of the general public who contracts for preconstruction termite treatment. Dkt. 5 at 4. As for plaintiff Johnson, defendant contends Johnson's status as a taxpayer is insufficient to confer standing, and that the health hazard alleged by Johnson is insufficient because she does not bring the claim on behalf of her minor children, who are the persons who suffered the alleged injury. *Id.* at 6.

Aside from standing, defendant argues that the allegations fail to state a plausible claim for relief because nothing in the Kansas regulation conflicts with FIFRA labeling requirements or otherwise violates FIFRA. Defendant argues that plaintiffs have stated no valid claim under the Sherman Act because the Kansas regulation does not mandate prices or otherwise require anticompetitive behavior.

**III. Legal standards – motion to dismiss.**

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to

reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests. *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *Parks v. Kiewel*, No. 6:15-1196-JTM-GEB, 2015 WL 7295457, at *7 (D. Kan. Nov. 18, 2015).

**IV. Discussion.**

Standing. Article III of the U.S. Constitution grants the federal courts power to decide legal questions only in the presence of an actual "case" or "controversy," and this restriction requires a party invoking the court's jurisdiction to demonstrate standing. *Wittman v. Personhuballah*, ___S.Ct.___, 2016 WL 2945226, *3 (May 23, 2016). To establish standing, a plaintiff must show: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Bishop v. Smith*, 760 F.3d 1070, 1076 (10th Cir.), *cert. denied*, 135 S. Ct. 271 (2014) (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

Under the foregoing standards, neither Schoenhofer nor Johnson has alleged sufficient facts to show standing. Schoenhofer alleges she cannot take advantage "of more economical alternatives for termite treatment" as a result of the Kansas regulation. But she alleges no facts to show that this claimed economic injury is more than

speculative. No such "economical alternative" is identified in the complaint or shown to be anything other than hypothetical with respect to the real estate for which Schoenhofer has contracted termite treatment. As for plaintiff Johnson, her general status as a taxpayer does not confer standing to challenge a regulation requiring what she believes to be payment for "unneeded and environmentally harmful" termite treatments. *See e.g., Colo. Taxpayers Union, Inc. v. Romer*, 963 F.2d 1394, 1401 (10th Cir. 1992), *cert. denied*, 507 U.S. 949 (1993) (state taxpayer must allege that appropriated funds were spent for an allegedly unlawful purpose and that the illegal appropriations are tied to a direct and palpable injury threatened or suffered). Nor is the conclusory assertion that her children have been exposed to "additional pesticide burdens and a greater health risk" sufficient to show standing. Johnson has not asserted this claim on behalf of her children, has not plausibly explained how her children were exposed to "additional pesticide burdens," and has not plausibly asserted any specific risk to health from the alleged exposure. Additionally, the injury she claims would not be redressed by the requested relief of declaring the regulation invalid. For all of these reasons, Johnson's allegations fail to show that she has standing. Accordingly, because neither Schoenhofer nor Johnson has shown standing to assert the claims in the complaint, the court finds that their claims should be dismissed for lack of subject matter jurisdiction.

<u>Whether the allegations state a valid claim for relief</u>.  Defendant does not challenge plaintiff Rogerson's standing, so the court turns to whether the complaint on

his behalf "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

FIFRA generally requires manufacturers to register pesticides with the Environmental Protection Agency, and it contains various regulations on the use, sale, and labeling of those pesticides. *See Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005). It does not completely preempt state regulation of pesticides. *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604 (1991). A state may regulate the sale and use of federally-registered pesticides to the extent the regulation does not permit any sales or uses prohibited by FIFRA, although a state "shall not impose … any requirements for labeling or packaging in addition to or different from those required under [FIFRA]." 7 U.S.C. § 136v(a) and (b).

Plaintiffs contend the Kansas regulation conflicts with FIFRA by requiring a use that is inconsistent with EPA-approved directions on pesticide labels. Dkt. 12 at 17-21. Plaintiffs cite a particular label (for I Maxx Pro Insecticide, Dkt. 12-3 at 2-12) which allegedly gives the applicator discretion to establish vertical barriers, horizontal barriers, or both, in preconstruction treatment. Additionally, this label directs the applicator to apply the product "in soil at critical areas such as along the inside of foundation walls, and around plumbing, bath traps, utility services, and other features that will penetrate the slab." Dkt. 12-3 at 4. Plaintiffs argue that K.A.R. 4-13-26 conflicts with these directions by requiring vertical and horizontal barriers, rather than leaving it to the discretion of the applicator, and by requiring application for all structural components below grade, not just for "features that will penetrate the slab." Plaintiffs

argue that the regulation thus "controls the areas and structures to be treated in a manner which is inconsistent with the labels approved by the EPA." Dkt. 12 at 21.

FIFRA specifically defines the term "to use any registered pesticide in a manner inconsistent with its labeling." It means "to use any registered pesticide in a manner *not permitted by* the labeling…." 7 U.S.C. § 736(ee) (emphasis added). Employing a method of application that is not prohibited by the labeling thus does not qualify as inconsistent use "unless the labeling specifically states that the product may be applied only by the methods specified on the labeling." § 736(ee)(3). Plaintiff's allegations show no inconsistent use, because the label they cite expressly permits establishing both horizontal and vertical barriers, and it does not prohibit treatment of critical areas where structural components extend below grade, as the Kansas regulation requires. Nor does the label direct that application be made to structural components below grade *only* if they penetrate a slab. In sum, the Kansas regulation does not require application in a manner inconsistent with the product label, and it does not conflict with FIFRA in any identified respect. *See* 7 U.S.C. § 136v(a) (a state may regulate the use of pesticide to the extent it does not permit any uses prohibited by FIFRA).

Sherman Act. Plaintiffs' Sherman Act allegations are so cryptic as to make it difficult to understand the claim. Nevertheless, plaintiffs' concession that they are not claiming a per se violation of the Act is, as defendant points out, fatal to the claim that the Sherman Act preempts the Kansas regulation. A state law is preempted as conflicting with the Sherman Act only "when the conduct contemplated by the statute is in all cases a per se violation." *Rice v. Norman Williams Co.*, 458 U.S. 654, 661 (1982);

*KT&G Corp. v. Atty. Gen. of State of Okla.*, 535 F.3d 1114, 1128 (10th Cir. 2008).  Inasmuch as plaintiffs do not make such a claim, their allegations fail to state a claim upon which relief can be granted.

   **IT IS THEREFORE ORDERED** this 14th day of June, 2016, that defendant's Motion to Dismiss (Dkt. 4) is GRANTED.

   s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE